UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMONCITO RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>LT. DAYE, et al,<br><br>Defendants. | Civil Action No. 16-0050 (JLL)<br><br>OPINION |

**LINARES**, District Judge:

Currently before this Court is the complaint of Plaintiff, Ramoncito Ramos. (ECF No. 1). As this Court has granted Plaintiff *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will permit Plaintiff's retaliation and denial of treatment claims to proceed against Defendants Daye and Robertson, will dismiss those two claims without prejudice against the remaining Defendants, and will dismiss Plaintiff's remaining § 1983 claims for failure to state a claim for which relief may be granted.

**I. BACKGROUND**

Plaintiff, Ramoncito Ramos, is currently civilly committed to the Special Treatment Unit in Avenel under New Jersey's Sexually Violent Predator (SVP) Act. Plaintiff alleges that, on December 25, 2015, he was called to the desk of a corrections officer named Q. Robertson. (ECF No. 1 at 5). According to Plaintiff, Robertson began "cursing [and] yelling at [him] [in

1

regards to Petitioner's] getting a kitchen position" that Robertson wanted to go to one of "her 'favorites.'" (*Id.*). Plaintiff "responded and walked away" after which he was told that he was fired. (*Id.*). Robertson and another officer named Stevens then seized Plaintiff's kitchen uniform. (*Id.*). Plaintiff also asserts that, on December 31, 2015, a New Jersey D.H.S. staff member, Mrs. Prunte, "informed [him] that because of the corrections officer['s] written report[, Plaintiff's] job [was] being suspended." (*Id.* at 6).

Plaintiff further asserts that, after the December 25 incident, Robertson "degraded" his character in front of the other officers, and as a result, both Robertson and the other officers have, including Lt. Daye, harassed Plaintiff. (*Id.* at 5-9). Plaintiff also asserts that Robertson and company attempted to have Plaintiff placed on MAP disciplinary status and thereby deprive him of group therapy and other forms of treatment. (*Id.* at 9). Plaintiff next asserts that, because of his fear of harassment and further disciplinary action, he remains in his cell more often than not, and thus also misses treatment for that reason. (*Id.* at 9-10). Plaintiff further alleges that he has been told if he continues to file complaints and disciplinary dispute forms, he will be placed on MAP status for causing problems. (*Id.* at 10). In relation to this, Plaintiff states that he has filed numerous complaints with supervisors in the STU over the last three months complaining about his treatment by Robertson and other officers including corrections officer Washington, Sergeant Davis, and Lt. Daye. (*Id.* at 7). Plaintiff in turn states that the officials who operate the facility are in turn responsible for the alleged violations of his rights because he has made them aware of his treatment by officers and have not done anything about his complaints. (*Id.* at 6-10).

## II. DISCUSSION

**A. Legal Standard**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se*

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff attempts to raise claims pursuant to 42 U.S.C. § 1983 for a violation of his constitutional rights. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Petitioner attempts to assert constitutional claims arising out of his alleged harassment by officers, a claim regarding his loss of his job at the STU, a claim for retaliation against him because of his complaints, and a Fourteenth Amendment Due Process claim for the denial of his medical treatment as a result of being locked in his cell or being placed on MAP status.

### 1. Plaintiff's harassment and job loss claims are not cognizable under § 1983

Plaintiff alleges that Officer Robertson and her cohorts have harassed and insulted him on multiple occasions. Verbal harassment or profanity alone[, however,] no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under" § 1983. *Durant v. Horn*, Civil Action No. 07-93, 2007 WL 1575186, at *2 (D.N.J. May 30, 2007); *see also See Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009) (verbal harassment alone not actionable). Thus, to the extent that Petitioner alleges that he has been insulted, had his character questioned, or been subject to verbal harassment by Robertson and others, he fails to state a claim for relief under § 1983. As such, his § 1983 harassment claim shall be dismissed against all Defendants.[2]

Plaintiff's claim that he lost his job because of the actions of Robertson likewise fails to state a claim under § 1983. Confined persons "do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Watson v. Sec'y Pennsylvania Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014); *see also James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (prisoners have "no entitlement to a specific job, or even to any job"); *Ellis v. Rodriguez*, No. 04-6118, 2005 WL 1475595, at *8 (D.N.J. June 22, 2005) (applying rule to non-convicted detainee). As such, Plaintiff fails to state a claim under § 1983 in so much as he asserts that he was deprived of his job in the STU kitchen by Robertson and company. *Watson*, 567 F. App'x at 78; *Ellis*, 2005 WL 1475595 at *8. Plaintiff's job loss claim shall therefore also be dismissed against all defendants.

---

[2] Nothing in Plaintiff's complaint suggests a desire to bring a state law claim of any sort against the officers, and this Court does not construe the complaint as raising any state law claims. Thus, the propriety of similar state law claims is not before this Court at present.

5

**2. Petitioner's remaining claims must be dismissed against the supervisory Defendants**

While this Court shall permit Plaintiff's denial of treatment and retaliation claims to proceed at this time against Defendants Daye and Robertson as Plaintiff has pled that they were directly involved in the retaliation and denial of Plaintiff's treatment, his remaining claims must be dismissed as to the remaining supervisory Defendants (Knox, Adams, Prunte, Corniel, and Slaughter) as Plaintiff has failed to plead facts connecting these Defendants to the alleged constitutional violations. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08, *see also Iqbal*, 556 U.S. at 676-77 (Government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," civil rights plaintiffs must plead that each defendant "through the official's own individual actions, has violated the constitution"); *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (vicarious liability unavailable under § 1983, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable"). To establish supervisory liability, a plaintiff must normally show "liability based on an establishment of policies, practices or customs that directly caused the constitutional violation [or] personal liability based on the supervisor participating in the violation of [the p]laintiff's rights, directing others to violate [the p]laintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, Civil Action No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29,

2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)).

Here, Petitioner essentially asserts that the supervisory Defendants should be liable either because they failed to oversee their subordinates or because Plaintiff has filed grievances regarding the conduct in question, and has received no beneficial action as a result. The first type of claim is essentially a vicarious liability claim, which is unavailable under § 1983. As to the second, Petitioner asserts that after he submitted grievance forms, the DHS officials at the STU told him they had no supervisory authority over the corrections officers, who are employed by the New Jersey Department of Corrections. As such, Plaintiff has failed to plead that the Supervisory Officials knew of and acquiesced in the actions of the officers in so much as Plaintiff was informed that these officials did not have supervisory authority over those officers. Indeed, Plaintiff pleads few, if any, facts regarding the specific supervisory Defendants, and at best pleads no more than a conclusory allegation of supervisory liability, which is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. As Plaintiff has not pled a plausible claim for relief against them as supervisors, and Plaintiff has not otherwise pled any facts indicating that they would be liable for the alleged constitutional infractions about which Plaintiff complains, this Court will dismiss Defendants Knox, Adams, Prunte, Corniel, and Slaughter from this action without prejudice at this time.

### III. CONCLUSION

For the reasons stated above, this Court will dismiss Plaintiff's harassment and job loss claims for failure to state a claim under § 1983; dismiss without prejudice Defendants Knox, Adams, Prunte, Corniel, and Slaughter; and shall permit Plaintiff's retaliation and denial of

treatment claims to proceed at this time against Defendants Daye and Robertson.  An appropriate order follows.

_____
Hon. Jose L. Linares,
United States District Judge